3 U.S. 184
 3 Dall. 184
 1 L.Ed. 562
 Hills et al Plaintiffs in Error
v.
Ross
 February Term, 1796
 
 1
 This was a writ of error directed to the Circuit Court for the District of Georgia. On the return of the record, several errors were assigned; but the only one, now relied on, states 'that the facts on which the Circuit Court had founded their decree, did not appear fully upon the record, either from the pleadings and decree itself, or a state of the case agreed to by the parties, or their council, or by a stating of the case by the court,' as required by the 19th section of the judiciary act.
 
 
 2
 On examining this record, it was found, that no statement of facts had been made either by the court or the parties, nor did it appear from the pleadings and decree, upon what facts the decree of the Circuit Court had been founded. But it appeared, that a number of witnesses, had been produced and sworn, (the record did not say examined) at the hearing before the Circuit Court, whose testimony had not been committed to writing; while, on the other hand, the depositions of the witnesses who had been examined before the District Court, were annexed to the proceedings returned. It was acknowledged by the council for the Defendants in error, that the testimony of the witnesses produced in the Circuit Court, had been taken viva vece, according to the 30th section of the judiciary act, and that their depositions had not been committed to writing. It was conceded by the council on both sides, that without other aids than such as were to be derived from this imperfect record, it would be impossible to obtain a fair review of the proceedings of the Circuit Court in this cause. But Cox and Duponceau, for the Plaintiffs in error, contended for a reversal of the decree. Reed (of South Carolina) E. Tilghman and Lewis for the Defendants, insisted on the other hand, that the decree ought to be affirmed, unless it was shown to be erroneous; that the omission on which the Plaintiffs relied, could not be assigned as an error, and did not vitiate the proceedings; that it was to be ascribed to the neglect of the Plaintiffs themselves, who ought, in the first instance, to have applied to the adverse council to state a case, and if they refused, or disagreed in their statement, then to the court itself; that the Defendants being satisfied with the decree and not intending to appeal therefrom, it was not their business to assist the Plaintiffs in perfecting their record, so as to enable them to bring it properly before an Appellate Court. Upon the whole, they prayed that the decree be affirmed.
 
 
 3
 For the Plaintiffs in error, it was insisted, that the omission of a statement of the case, vitiated the whole record. The judiciary act of the United States had greatly innovated upon the old system of Admiralty and Chancery proceedings, the forms and principles of the common law were interwoven with, and in many cases, entirely substituted to those of the Roman jurisprudence. The 30th section of that act required, that the testimony of witnesses should be taken viva voce, instead of written depositions, both in the District and the Circuit Court. In the former of these tribunals, indeed, when either of the parties expressed an intention of appealing to the other, the depositions of the witnesses were to be committed to writing, but this case was an exception to the general rule. In the Circuit Court, where new evidence was admitted, no provision had been made for committing the testimony to writing, except in the case of absent, aged, infirm or departing witnesses, whose evidence might be taken de bene effe, precisely as in the common law courts. The whole testimony, therefore, could not, without the consent of parties, come before the Supreme Court of the United States, in any case where new witnesses were heard, or the same witnesses who were examined below, were produced do novo before the Circuit Court.
 
 
 4
 It was clear, that the intention of Congress was to vest the power of trying matters of fact in Admiralty and Equity cases, in the District and Circuit Courts exclusively. Like the verdict of a jury, the decision of the latter tribunal, was final and conclusive, as to fact. The Supreme Court were only empowered to correct their decrees in matters of law. Therefore an appeal did not lie to them, but only a writ of error, as at common law. And by the twenty second section of the judiciary act, it was provided, that no decree of the Circuit Courts should be reversed for any error in fact.
 
 
 5
 But still the civil law pleadings, as by bill or libel, answer, &c. were retained in the courts below. Those not being carried on with the logical closeness and accuracy, for which the system of common law pleadings is so much and so justly admired, the facts which grounded the decree, would seldom, if ever, appear from the pleadings and decree itself. Amidst the heap of matter with which libels and answers are generally crowded, and the variety of facts, often immaterial to the real points in contest, asserted and denied by the respective parties, it would be often difficult even to know what was the true object of the controversy. The law, therefore, wisely ordered that the facts on which the decree was founded, where they did not appear from the pleadings and decree itself, should be shown by a statement, which, like a special verdict, should enable the court to determine whether the inferences of law, drawn from those facts by the inferior court, were just or erroneous.
 
 
 6
 To cause such a statement to be made, or to make it themselves, was a duty which the law enjoined upon the Circuit Courts, and which they were bound to perform. The words of the act of Congress were express and imperative. 'It shall be the duty of the Circuit Courts, in causes in Equity and of Admiralty and Maritime jurisdiction, to cause the facts on which they found their sentence, or decree, fully to appear upon the record, either from the pleadings and decree itself, or a state of the case agreed by the parties, or their council, or if they disagree, by a stating of the case by the court.' The court were therefore bound to see that the facts appeared upon the record, in some one or other of these modes, neigher party could compel the adverse counsel or the court to state a case; and the courts, by omitting this indispensible requisite, had it in their power, whenever they pleased, to make their decrees final and conclusive, in law as well as in fact, and effectually to deprive the unsuccessful party of the benefit of a revision, which the law had expressly provided in his favour. It being then the default of the court, it might be well assigned for error. 8 Co. 59. Cro. Eliz. 84. 107. And the act of Congress, being introductory of a new law, was to be strictly pursued. 4 Bac. Ab. 641. 2 Stra. 971.
 
 
 7
 The Council further illustrated the subject by several analogies drawn from the civil and the common law. It was, they said, a principle which appeared to pervade those two systems, that where the superior court were judges of law and fact, the inferior tribunal was bound to return to them the whole evidence; when judges of law only, then they were bound to make the facts appear upon which the judgment or decree was founded. Orders of the courts of Quarter Sessions are only to be quashed for errors in law, therefore, it is only necessary that the facts on which they were founded, should appear upon the record; but in the case of convictions by justices upon penal statutes, the facts are to be re-examined, and, therefore, they are bound to set forth the whole evidence. 2 Stra. 997. At common law, where the trial is by jury, still the facts on which the judgment is founded, must appear on the face of the whole record, and where the verdict did not find precisely the matter in issue, as where it found that 'by non performance of the promise,' the Plaintiff had sustained 50 damages, without expressly finding that the Defendant had promised, the judgment for the Plaintiff was reversed. 21. Via. Ab. 441. because the superior judges could not determine whether the law had been properly inferred from the facts, unless the facts themselves were clearly and expressly stated. This rule obtained at civil law for the very same reasons. On a bill of review in chancery, where the law alone was to be re-examined, it had been often resolved, that the facts proved and allowed by the court as proved, should be so mentioned in the sentence, otherwise on a bill of review, those facts should be taken as not proved, for else a decree could never be reversed by a bill of review, but all erroneous decrees must be reversed on appeals only. 1 Vern. 166. 214. 216. 1 Cha. Ca. 54. 55.
 
 
 8
 The Council for the Defendant in error, insisted, that although the want of a statement of facts was a technical defect in the record before the court, which they were willing to supply as much as lay in their power, from their notes of the evidence which had been taken before the Circuit Court; yet the court could not, without great injustice, reverse the decree on that account. They were bound by the twenty fourth section of the Judiciary Law, on the reversal of a decree of the court, to pass such a decree as the Circuit Court should have passed. How could they do it in this instance? Were they, for an omission of the court, which they could not help any more than the Defendants, to put it out of their power to obtain justice; and how could they say, that the Circuit Court should have rendered a different decree, since they were not possessed of the merits of the cause?
 
 
 9
 THE COURT were, unanimously, of opinion, that the error assigned, was not a sufficient ground for reversing the decree, and recommended to the parties to come to some agreement, which might bring the matters in controversy fairly before them.
 
 
 10
 After some conversation, an agreement took place between the council on both sides, that the cause should be continued to the next term; and that, in the mean time, new evidence might be taken on both sides, and the whole matter of fact, as well as the law, brought before the Supreme Court of the United States, as upon an appeal.*
 
 
 
 *
 See the same case post.