Rutfxn, Judge'.
 

 A preliminary point has been raised, which, if decided in favor of the plaintiff must reverse the decree, without entering into the merits. The decree finds no fact, nor declares any principle on which it is founded. It professes to be made on a hearing on the bill, answers, proofs and exhibits; and orders the hill to he dismissed. It is said, there is nothing appearing to this court, on which that decree was founded ,; nor any thing on which a decree in affirmance can he given ; and so the decree must
 
 ex necessitate
 
 be reversed.
 

 Generally, the material matters in issue are stated in the decreeand the determination of the court on them”..
 
 *25
 
 This is requisite to eoabie the party to point to the error, ©ri which he brings his bill of review. And if tins were a proceeding of that sort, the decree could not stand ; because there the evidence is ' not seen by the revising court, but only the pleadings and the decision. But it is otherwise in England, on an
 
 appeal
 
 in equity ; for that is only a rehearing by a higher court, instead of being on a petition to rehear by the court which gave the decree. This is the known rule in chancery. But it is contended, that we cannot look into the evidence, because this is a court of limited jurisdiction, and because before ■the act of 1818, the Supreme Court could only respond to such questions of law, as were stated, and sent from the circuit. This court, it is true, has a limited
 
 jurisdiction ;
 
 that is, it has no original jurisdiction; But where it has an appellate jurisdiction, not only to review and reverse decisions below, but also after reversing, to .proceed to give such a decree as in law and justice ought to have been given by the court below, the purposes of justi. e woui ■ seem to íequire, that all the means of ascertaining the merits' should -he possessed by us, that were by the tribunal which fust acted. At law, it is 'so. For the judgment rendered' docs not rest upon the evidence given, but upon the facts found by the jury. In equity, the judge finds the facts, as well as the.rule of decision. And as it is impossible often to separate the principle from the facts, as in cases of hardship, fraud, notice, and the like, it would be almost impossible, that the judge below, or those here, could state, with sufficient minuteness, every circumstance on which the principle of equity arose. This difficulty was experienced • by the Supreme Court of the United States, under the Judiciary Act sec. 19, which requires
 
 the facts to be stated
 
 by the parties or the judge, on writs of error in admir ralty or equity causes. In
 
 Hills
 
 v.
 
 Ross
 
 (3 Dall. 184) it was decided, that the Supreme Court must take those
 
 facts
 
 thus stated, and cbr.Sd not lock into the evidence.. But this restriction was admitted by the court, not on the idea that theirs was a limited jurisdiction, but be*'
 
 *26
 
 cause it was imposed by the express words of the statute; and even then, its extreme inconvenience, and the injustice it might produce, pressed1 so hard, as to produce a division of opinion. This mischief was remedied by the act of 1803 ; which repeals that clause, and thus left the court free to exercise the ordinary jurisdiction of rehearing. Our act of
 
 1777, (Rev. c.
 
 115) allowing appeals on petitions, directs a rehearing; which shews the sense of the legislature of what is the proper effect of an appeal in equity. But it is said, that the act of 1818 only transfers to this court the jurisdiction of the previous court. It likewise gives the power, and enjoins on the court, to make such decree as on the whole record, ought to be made : which involves the duty of considering every thing which the judge below had before him. For we are to determine what he ought to have done, and
 
 then to do it here.
 
 In equity causes, that duty cannot he performed, without hearing all the proof he heard. To this it is objected, that the act could not mean that, because at diat time the court below could not pass upon the facts. True; but upon appeals underthe act of 1810, were the facts stated in the decree, and was the Supreme Court to take them to be true as there stated ? No. For as the judge could not find them, the evidence of the facts was the finding of the jury. The Supreme Court had then the same evidence which was before the Superior Court — namely, the verdict; and if the record did not contain that evidence, the decree must be reversed, as being without evidence. (
 
 Taylor
 
 v. Pannill.)
 

 When the power to pass on the
 
 facts
 
 was conferred by a subsequent law on the court, that power and duty is imparted to this court. Since, then, there is ho express restriction in our statute, as there was in the act of Congress, and since it is in the nature of chancery proceedings, that upon appeal there shall be a rehearing* and the useful execution of the duties imposed on this court requires it, I must conclude that the
 
 -whole case
 
 is before us. The question is certainly not without doubt, and has been much considered by tlie court. There is an inconvenience in the expense of a transcript; which was
 
 *27
 
 not seen in 1818, because, then only the issues and the . verdict were sent here. But that may be remedied by a legislative directioh to send the originals ; and at any rate, ought not to impose on us the necessity of taking the facts,
 
 with all their colouring,
 
 from a single judge’s hasty opinion on the circuit. The decree will therefore not be reversed on this ground ; but the cause will be ■heard on its merits, as appearing on the proofs.
 

 Per Curiam —MotioN overruled.